P. DAVIS MARTINEZ, Judge ad hoc.
This suit was instituted by David V. Johnston against the City of New Orleans and the Sewerage and Water Board of New Orleans to set aside a notarial act of dedication of servitudes to the City of New Orleans and the inhabitants thereof, for failure to designate the thing purported to have been given, transferred and conveyed and alternatively that the servitudes, if any were created by said notarial act, had lapsed because of non-usage for a period of ten years from the date of creation and dedication. An exception of vagueness was maintained and plaintiff then filed a supplemental petition to which was attached a certified copy of the ordinance of the City of New Orleans authorizing the dedication of streets and servitudes and a certified copy of plaintiff’s subdivision, Behrman Heights Subdivision, Fifth District, New Orleans. Defendants, the City of New Orleans and the Sewerage and Water Board filed an exception of No Right or Cause of Action which was overruled. The case was then tried on the merits and plaintiff’s petition dismissed with written reasons. The case is now on appeal from said adverse judgment.
Plaintiff introduced in evidence a certified copy of the Act of Dedication, a certified copy of the ordinance of the City of New Orleans referred to and made part of the Act of Dedication sued upon together with a certified copy of the plan of subdivision by Adloe Orr, Jr., Civil Engineer, and known as Behrman Heights Subdivision.
Plaintiff then objected to defendants’ offer of evidence to show use of the servitude on the grounds that interruption of prescription is a special defense. Nonetheless, defendants were permitted and introduced positive testimony that the dedicated area was used, that the existing drainage canal had been excavated and that said canal was a vital part of the drainage system of the Algiers area of the City of New Orleans. Further, that the canal and adjacent area have been in constant use *903 for drainage purposes and that the Sewerage and Water Board had regularly and constantly maintained the area for the purpose of adequate drainage.
The issue before the Court is whether or not servitudes were actually dedicated to the City of New Orleans and the inhabitants thereof by the Act of Dedication dated January 30, 1950, executed before Jacob H. Morrison, City Notary, and if so, whether the servitudes have been lost by non-use.
Plaintiff’s contention that the Act of Dedication in question did not convey servi-tudes for the reason that the Louisiana Civil Code of 1870, as amended, does not provide for a Sewerage and Water Board servitude, is without merit.
An examination of the record reveals that the City of New Orleans adopted Ordinance No. 17,600, Commission Council Series. The title of said Ordinance reads:
“An ordinance to authorize the opening and dedication of Halsey Avenue (and other streets), the Sewerage and Water Board Servitude, and a square of ground for school and playground purposes located in the Fifth Municipal District of the City of New Orleans in the subdivision known as Behrman Heights Subdivision.”
Section 1 of the Ordinance declares: “That the mayor of the City of New Orleans be, and he is authorized to enter into and execute an act of acceptance of dedication to public use, by David V. Johnston, owner of the following named streets, Sewerage and Water Board servitudes and square of ground for school and playground purposes, according to the plan of Adloe Orr, Jr., Civil Engineer, dated June 1, 1948, duly approved and annexed hereto and described as follows
The Ordinance then proceeds to describe the streets. After setting forth a complete description of the streets, the Ordinance then declares: “the Sewerage and Water Board servitudes described as follows
A complete description is given of the exact location and the measurments of each and every one of the servitude areas.
The following words appear at the beginning of each description, to-wit: “Sewerage and Water Board servitude”.
A certified copy of the aforementioned Ordinance is annexed and made part of the Act of Dedication dated January 30, 1950, executed before Jacob H. Morrison, City Notary.
The Ordinance is clear and understandable. It declares that it is “An Ordinance to Authorize the opening and dedication of Halsey Avenue (and other streets), the Sewerage and Water Board servitude, and a square of ground for school and playground purposes located in the Fifth Municipal District of the City of New Orleans in the subdivision known as Behrman Heights Subdivision”; that the dedication is in the interest of public necessity to open the streets and to secure the servitudes. It authorizes the mayor to execute an Act of Acceptance of Dedication to public use of certain described servitudes, all in accordance with the plan of Adloe Orr, Jr., Civil Engineer.
The Act of Dedication dated January 30, 1950, before Jacob H. Morrison, City Notary, is clear and understandable and declares that the City of New Orleans and David V. Johnston takes cognizance of the provisions of the aforementioned Ordinance and that in accordance with the terms of said Ordinance, David V. Johnston does hereby transfer, convey, assign, deliver, grant and dedicate to said City of New Orleans and the inhabitants thereof “the property described in the Ordinance” and then proceeds to describe the property in the Act of Dedication.
The opening paragraph of the Act of Dedication (page 2 thereof) declares:
“The following named streets, Sewerage and Water Board servitudes and square of ground, situated in the Fifth District of the City of New Orleans, in that Subdivision *904 thereof known as ‘Behrman Heights’, according to a plan of survey of Adloe Orr, Jr., Civil Engineer, dated June 1, 1948, duly approved and annexed hereto, and described as follows
The Act of Dedication then gives the description and measurements of each and every street dedicated. On Page 6 of the Act of Dedication, Paragraph 13, provides the location and exact description of the Sewerage and Water Board servitudes. Each of the servitudes, like the descriptions contained in the Ordinance authorizing the dedication, commences with the words “A Sewerage and Water Board servitude consisting of a strip of ground * * The description contained in Paragraph 13, sub-paragraphs (a) to (j), both inclusive, being ten servitudes in number.
One Page 8 of the Act of Dedication, after the description of all property is completed, the closing paragraph declares: “The consideration for said dedication is the public convenience and necessity * * the servitudes described hereinabove, under No. 12(a) through (j), both inclusive, are hereby declared to be dedicated as Sewerage and Water Board servitudes * *
On Page 8 of the Act of Dedication, after the description of all property is completed, the closing paragraph declares: The consideration for said dedication is the public convenience and necessity * * the servitudes described hereinabove, under No. 13(a) through (j), both inclusive, are hereby declared to be dedicated as Sewerage and Water Board servitudes * *
The plan of the subdivision by Adloe Orr, Jr., Civil Engineer, referred to in the City Ordinance, Exhibit “Y”, and also referred to in the Act of Dedication before the City Notary, shows the Sewerage and Water Board servitudes running from the point marked “A” to the point marked “C” along Magellan Street, and from the point “C” to the point “D” along the east edge of the Subdivision terminating at Victory Drive.
Our conclusion is that there was unquestionably a dedication to public use of the servitude areas described in the Act of Dedication dated January 30, 1950, before Jacob H. Morrison, City Notary, and that said dedication was accepted by the Municipality of New Orleans and thereby became an irrevocable dedication to public use.
In order that there be a dedication to public use it is not necessary that there be a deed in any particular form or containing any particular recital; all that is required is that the intention to dedicate be manifest. Faunce v. City of New Orleans, La.App., 148 So. 57.
A dedication to public use is inchoate only until after its acceptance, which acceptance may be shown by authentic act or the use of the property in the manner and for the object designated. David & Livaudais v. Municipality No. 2, 14 La.Ann. 872.
Failure of the City to use dedicated property does not affect the original dedication. Faunce v. City of New Orleans, La. App., 148 So. 57.
If there was, at any time, a dedication, no one thereafter could, by prescription, acquire title to the property. City of New Orleans v. Carrollton Land Company, 131 La. 1092, 60 So. 695, 696.
In view of the authorities cited supra, we are of the opinion that the Exception of No Cause or Right of Action filed by the defendants should have been maintained.
Having concluded that the Act of Dedication sued upon conveyed valid irrevocable servitudes, it is not necessary for us to discuss the admissability of nor the evidence introduced by defendants concerning the question of interruption of prescription.
For the reasons assigned, the judgment appealed from is affirmed at Appellant’s cost.